The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner William C. Bost and the briefs submitted to the Full Commission. The parties waived oral arguments in this matter. The appealing party has failed to show good ground to reconsider the evidence, receive further evidence or to amend the holding of the prior Opinion and Award. The Opinion and Award, however has been rewritten as follows.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the parties on 11 March 1992.
3. The employer is a qualified self-insured.
4. The employee's average weekly wage on 11 March 1992 was $441.95.
5. Plaintiff sustained an injury by accident arising out of and in the course of employment with defendant-employer on 11 March 1992.
6. The medical records and documents submitted by both parties under the pre-hearing agreement, including the submission by defendant dated 1 February 1995, including the one-page report of Dr. Kevin Speight dated 16 January 1995, the functional capacity assessment consisting of twenty-six (26) pages dated 23 November 1994, and a five (5) page report dated 2 March 1993, from Dr. Paul Jaszewski, have been stipulated into evidence.
7. All issues regarding unpaid temporary partial benefits have been resolved by the agreement that defendant-employer will pay to plaintiff the amount of $1,000.00.
8. The only remaining issue for adjudication is the amount, if any, to which plaintiff is entitled for permanent partial disability.
* * * * * * * * * * *
The Full Commission adopts in part and modifies in part, the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. For a period of time plaintiff worked through Manpower at Rockwell Plastic Products, and began working for Rockwell on 2 November 1991. His job consisted of driving a forktruck to empty garbage and cardboard bins, and general plant cleaning.
2. Plaintiff was injured on 11 March 1992, when a metal basket fell onto the back of his lower right leg making a puncture wound.
3. After three weeks of conservative treatment, plaintiff returned to work on 7 April 1992 at his regular job with no restrictions other than taking fifteen (15) minute breaks.
4. Before his injury, plaintiff was making $8.26 an hour. After he returned to work after his injury, he worked approximately forty-four (44) hours a week at the rate of $8.26 an hour. As of the date of the hearing before Deputy Commissioner Bost, plaintiff made $9.75 per hour.
5. As of the date of the hearing before Deputy Commissioner Bost, plaintiff was working forty (40) hours a week at Rockwell, but according to Dr. Speight, the employee's treating physician, plaintiff is capable of working more hours as tolerated.
6. Plaintiff has attended automotive mechanic school for 17 hours a week which includes both classroom and practical time working on automobiles. Plaintiff also earns money by repairing automobiles.
7. Plaintiff was initially treated by Dr. Campbell of Catawba Bone and Joint Clinic. Dr. Campbell found that plaintiff reached maximum medical improvement on 1 December 1993, and had a permanent partial impairment to the lower right extremity of three percent (3%). Dr. Campbell was unable to explain the etiology of the employee's continuing complaints of pain.
8. Plaintiff was also treated by Dr. Kevin Speight of Bowman Gray Hospital. Dr. Speight was of the opinion that plaintiff reached maximum medical improvement on 1 December 1993, and that plaintiff had a permanent partial impairment to the lower right extremity of 1.2%.
9. A functional capacity evaluation done 3 November 1994, at Dr. Speight's request indicated that the claimant had a 0% functional deficit.
10. Plaintiff's injury was to a peripheral nerve in the right lower extremity.
11. Plaintiff's injury has resulted in a permanent impairment due to pain in the right lower extremity. According to Dr. Speight, plaintiff's injury is anatomically to the leg and physiologically to the sural nerve, a peripheral nerve to which he gives a twenty-six to sixty percent (26-60) permanent partial disability rating.
12. Plaintiffs' average weekly wage on 11 March 1992 was $441.95, yielding a weekly compensation rate of $294.64.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's average weekly wage on 11 March 1992 was $441.95, yielding a weekly compensation rate of $294.64. G.S. § 97-2 (5).
2. Plaintiff sustained a compensable work related injury on 11 March 1992 to his right lower extremity and reached maximum medical improvement on 1 December 1993. Plaintiff has not sustained his burden of proving that he is unable to earn, because of his injury, the same amount he was earning prior to his injury. G.S. § 97-29.
3. As the result of his 11 March 1992 injury by accident plaintiff sustained a permanent partial disability to his right lower extremity of 2.1%, for which he is entitled to four and one fifths (4 1/5) weeks of permanent partial disability compensation at the rate of $294.64 per week. G.S. § 97-31 (15).
4. As the result of his 11 March 1992 injury by accident, plaintiff is entitled to have defendant pay for all reasonable medical expenses incurred or to be incurred. G.S. § 97-25; Hylerv. GTE Prods. Co., 333 N.C. 258, 425 S.E.2d 698 (1993)..
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay permanent partial disability compensation at the rate of $294.64 per week for four and one fifths (4 1/5) weeks to plaintiff for the 2.1% permanent partial disability to his lower right extremity.
2. Defendant shall pay for all reasonable medical expenses incurred or to be incurred by plaintiff as the result of his 11 March 1992 injury by accident.
3. The above compensation shall be paid in a lump sum, subject to a reasonable fee for Plaintiff's counsel in the amount of 25 percent of said compensation benefits, which shall be paid directly by Defendant to Plaintiff's counsel.
4. Defendant shall pay the costs in this matter.
 S/ _____________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________________ BERNADINE S. BALLANCE COMMISSIONER